UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GREGORY RITTENHOUSE, and LINDA GAGE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLENDJET, INC., and RYAN PAMPLIN,<br><br>Defendants. | No. 2:23-cv-01906 WBS DB<br><br>MEMORANDUM AND ORDER RE: DEFENDANT BLENDJET, INC.'S MOTION TO DISMISS |

----oo0oo----

Plaintiffs Gregory Rittenhouse ("Rittenhouse") and Linda Gage ("Gage") brought this action against BlendJet, Inc., ("defendant" or "BlendJet") and its CEO Ryan Pamplin ("Pamplin") seeking legal and equitable relief for breach of contract, violations of New York General Business Law sections 349-50, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, violations of various other state consumer protection statutes, breach of the implied warranty of

1

merchantability, fraudulent omission, negligent omission, and quasi-contract. (First Amended Compl. ("FAC") ¶¶ 99-186 (Docket No. 25).)

BlendJet now moves to dismiss all Claims brought against it in the First Amended Complaint ("FAC") under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). (Def.'s Mot. to Dismiss at 2 (Docket No. 28).)[1]

I. Factual and Procedural Background

BlendJet is a Delaware corporation with its principal place of business in Benicia, CA. (FAC ¶ 14.) BlendJet sells portable blenders of varying designs and colors for consumer use. (Id. ¶¶ 1-2.) The product at issue here is "[t]he BlendJet 2, [which] is a battery-powered personal portable blender made, distributed, sold, and marketed since 2020." (Id. ¶ 1.) Towards the end of the calendar year of 2023, BlendJet recalled "4.8 million BlendJet 2 [p]roducts" and offered customers "a free replacement base and matching lid." (Id. ¶¶ 59-60, 64.)

Plaintiff Gregory Rittenhouse lives in New York, where he purchased two of defendant's blenders as presents for his wife "in or around December 2022." (Id. ¶¶ 11, 67-70.) He observed that one of his blenders "overheated" while charging. (Id. ¶ 71.) Rittenhouse "also noticed the BlendJet 2 blending blade assembly became wobbly and loose within approximately one

---

[1] Because counsel on both sides were affected by the wild fires existing in and around Los Angeles, where they either reside or have their offices, the court has vacated the hearing which was scheduled for January 21, 2025, and takes the motion under submission. Pursuant to Local Rule 230(g), the court finds the motion suitable for decision on the briefs without the need for oral argument.

2

1  month of his purchase." (Id. ¶ 72.)
2       Plaintiff Linda Gage lives in Illinois, where she
3  "purchased two BlendJet 2 [p]roducts in early 2023."
4  (Id. ¶¶ 12, 75.)  One of the blenders "was a red chrome color,"
5  which "was more expensive." (Id. ¶ 75.)  Unlike Rittenhouse,
6  Gage participated in BlendJet's voluntary recall by sending
7  defendant both of her blenders. (Id. ¶ 79.)  In return, Gage
8  received "two original model bases, not one original and one
9  chrome [p]roduct as she had purchased. She paid a premium for the
10 chrome [p]roduct and received a less expensive model in return
11 during the recall." (Id.)
12 II.  Justiciability
13      Plaintiff must first show constitutional standing for
14 the court to exercise subject-matter jurisdiction over a claim,
15 or the claim will be subject to dismissal under Federal Rule of
16 Civil Procedure 12(b)(1).  See Shulman v. Kaplan, 58 F.4th 404,
17 407-08 & n.1 (9th Cir. 2023).  "To establish Article III
18 standing, [plaintiffs] must show (1) that they 'suffered an
19 injury in fact that is concrete, particularized, and actual or
20 imminent'; (2) 'that the injury was likely caused by the
21 defendants;' and (3) 'that the injury would likely be redressed
22 by judicial relief.'" Id. at 408 (quoting TransUnion LLC v.
23 Ramirez, 594 U.S. 413, 423 (2021)).
24      BlendJet moves to dismiss the claims of both plaintiffs
25 on mootness and standing (collectively, "justiciability")
26 grounds.  In particular, it argues that neither plaintiff has
27 shown an injury in fact.  "To establish an injury in fact, a
28 plaintiff must show that he or she suffered 'an invasion of a

3

legally protected interest' that is 'concrete and particularized.'" McGee v. S-L Snacks Nat'l, 982 F.3d 700, 705 (9th Cir. 2020) (quoting Davis v. Facebook, Inc. (In re Facebook, Inc. Internet Tracking Litig.), 956 F.3d 589, 597 (9th Cir. 2020)).

### A. Rittenhouse

Here, Rittenhouse's Claims against BlendJet, which are alleged in Counts 1-3 and Counts 5-9 of the FAC, are not justiciable because the FAC does not allege that he suffered an injury in fact. At best, it contains assertions that "Rittenhouse suffered an economic injury because he purchased blenders that are worthless for their intended purpose," as they "overheated" or had components that "became wobbly and loose within approximately one month of his purchase." (FAC ¶¶ 71-73.)

But neither of Rittenhouse's grievances rise to the level of an economic injury recognized by the Ninth Circuit. See McGee, 982 F.3d at 705-08 & nn.4-6 (recognizing three theories of economic injury in a putative class action against a popcorn merchant: benefit of the bargain, overpayment, and diminution of value). In particular, he does not allege that the blender stopped working. Indeed, the FAC even states that Rittenhouse was able to solve the issues on his own. (See FAC ¶¶ 8, 72.) Accordingly, the court will dismiss Rittenhouse's Claims of breach of contract, deceptive trade practices, false advertising, violations of other states' consumer protection statutes, fraudulent omission, negligent omission, and quasi-contract against BlendJet.

### B. Gage

In contrast, Gage has alleged an injury in fact in Counts 1 and 4-9. As plaintiffs allege, she participated in BlendJet's voluntary recall and "received a less expensive model in return" after paying "a premium for" the chrome model she sent back. (See FAC ¶¶ 75, 79.) In that sense, she did not receive "the benefit of the bargain" she made with BlendJet. See McGee, 982 F.3d at 705-06. Accordingly, the court will not dismiss Gage's current Claims on justiciability grounds.

Defendant's arguments to the contrary are unavailing. BlendJet asserts that Gage suffered no injury in fact because its voluntary recall addressed any injury which she may have sustained. See Sharp v. FCA US LLC, 637 F. Supp. 3d 454, 468-69 (E.D. Mich. 2022) ("conclud[ing] that dismissal is appropriate on prudential mootness grounds" after assessing adequacy of recall). A court may dismiss a complaint on "prudential mootness" grounds when it determines that a "coordinate branch[] of government" will provide the relief sought by plaintiffs. Id. at 463-64 (quoting Winzler v. Toyota Motor Sales U.S.A., Inc., 681 F.3d 1208, 1210-11 (10th Cir. 2012) (Gorsuch, J.)).

At first glance, the doctrine of prudential mootness seems to support defendant's suggestion. However, the Ninth Circuit has upheld applications of "prudential mootness only in the bankruptcy context." Maldonado v. Lynch, 786 F.3d 1155, 1161 n.5 (9th Cir. 2015); see also Bowen v. Energizer Holdings, Inc., 118 F.4th 1134, 1139-40 (9th Cir. 2024) (reversing dismissal of a products liability complaint alleging that sunscreen contained a carcinogen on justiciability grounds despite defendants' recall efforts). In effect, BlendJet asks

the court to find that a voluntary recall cures any legal violation defendant may have committed in furnishing the product or recalling it.  The court cannot do so under the applicable Ninth Circuit precedent.  Accordingly, the court will not dismiss Gage's Claims based on failure to allege injury in fact.

III.   Plausibility and Rule 9(b)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Moreover, Federal Rule of Civil Procedure 9(b) requires that "a party [alleging claims that sound in fraud] must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Pursuant to that requirement, the Ninth Circuit has held that a fraud plaintiff's complaint "must include an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Depot, Inc. v. Caring for Montanans, Inc., 915 F.3d 643, 667-68 (9th Cir. 2019) (cleaned up).  It clarified that "the pleading 'must 'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.''" Id. (quoting Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013)).

   A.   Counts 1 and 6

Both Rittenhouse and Gage plausibly allege that a contract exists between themselves and BlendJet as well as that defendant may have breached it.  As alleged in the FAC,

6

Rittenhouse and Gage each paid money for defendant's products. These exchanges give rise to contracts which may contain implied warranties of merchantability under either New York or Illinois state law. See Cosgrove v. Oregon Chai, Inc., 520 F. Supp. 3d 562, 586 (S.D.N.Y. 2021) (positing that a New York contract could have an implied warranty of merchantability); Van Zeeland v. Rand McNally, 532 F. Supp. 3d 557, 565-66 (N.D. Ill. 2021) (finding that an Illinois contract may contain an implied warranty of merchantability). To the extent BlendJet alleges that affirmative defenses such as waiver defeat plaintiffs' contractual Claims, the court declines to address them at the motion to dismiss stage. See CFTC v. Monex Credit Co., 931 F.3d 966, 972 (9th Cir. 2019) ("[Federal] Rule [of Civil Procedure] 8 does not require plaintiffs to plead around affirmative defenses."). For this reason, the court will deny BlendJet's motion to dismiss as to its Claims of breach of contract and breach of the implied warranty of merchantability.

    B. Counts 2-4

    In Count 2, Rittenhouse alleges that BlendJet violated New York General Business Law section 349, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade[,] or commerce or in the furnishing of any service." In Count 3, he alleges that BlendJet violated New York General Business Law section 350, which prohibits "false advertising" in the same scope. For either Claim, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct, that is (2) materially misleading, and that (3) the plaintiff suffered injury as a result of the allegedly deceptive act or practice."

See Plavin v. Grp. Health Inc., 146 N.E.3d 1164, 1168 (N.Y. 2020).  New York law requires plaintiffs bringing claims under either General Business Law section to specify a particular act or practice defendant committed.  See Shaw v. Club Managers Ass'n of Am., Inc., 923 N.Y.S.2d 127, 130 (N.Y. App. Div. 2011).

In Count 4, Gage alleges that BlendJet violated the Illinois Consumer Fraud Act.  Such a claim (1) requires "a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception."  De Bouse v. Bayer, 922 N.E.2d 309, 313 (Ill. 2009).  In particular, a plaintiff bringing a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act "must actually be deceived by a [specific] statement or omission that is made by the defendant."  Id. at 315-16.

In Counts 2-4 of the FAC, neither plaintiff specifies a particular deceptive trade practice or act (including false advertising) by BlendJet which he or she perceived before purchasing its blenders.  Because plaintiffs' Claims in Counts 2-4 sound in fraud, the result is the same under federal law, which requires particularity or specificity as well.  See Depot, 915 F.3d at 667-69 & n.17 (applying the particularity requirement of Federal Rule of Civil Procedure 9(b) to claims arising under California's consumer protection statutes).  Accordingly, the court must dismiss the FAC's state law Claims for deceptive trade practices and false advertising.

        C.    <u>Count 5</u>

In Count 5 of the FAC, plaintiffs, who reside in Illinois and New York, allege that BlendJet has violated the laws of other states, such as California, Connecticut, Maryland, and Missouri. (FAC ¶¶ 138-44.) In contrast to the FAC's constitutional standing issues, Count 5 raises the question of whether plaintiffs have statutory standing to bring claims under the laws of states where they do not reside or are otherwise connected. See <u>Shulman</u>, 58 F.4th at 407 n.1.

Named "[p]laintiffs must show they have standing for each claim they raise, and plaintiffs do not have standing to bring claims under the laws of states where they have alleged no injury, residence, or other pertinent connection." <u>Jones v. Micron Tech. Inc.</u>, 400 F. Supp. 3d 897, 908-09 (N.D. Cal. 2019); see <u>Corcoran v. CVS Health Corp.</u>, 169 F. Supp. 3d 970 (N.D. Cal. 2016) (collecting cases reaching the same result). Here, however, the FAC does not specify where Gage bought the blenders except for reciting her domicile, and thus it is devoid of any "pertinent connection[s]" between Gage and "sister states" besides Illinois. <u>Jones</u>, 400 F. Supp. 3d at 908-09.

The same applies to Rittenhouse and the state of New York. See <u>id.</u> Because of the lack of any pertinent connection between Rittenhouse or Gage and sister states, the court will dismiss the FAC's Claims for violations of those states' deceptive trade practices laws. To the extent such Claims in Count 5 are duplicative of the Illinois and New York state law Claims in Counts 2-4 of the FAC, they are dismissed as redundant. <u>Cf.</u> Fed. R. Civ. P. 12(f).

D.  Counts 7-9

Plaintiffs fail to cite any legal authority in support of their fraudulent omission Claim in Count 7 of the FAC. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs."). Even if they did, plaintiffs neglect to specify what representations or omissions BlendJet made to them before selling the products at issue to plaintiffs, which is fatal to their Claims of actionable omissions. See Depot, 915 F.3d at 667-68 (quoting Fed. R. Civ. P. 9(b)). Therefore, the court will dismiss the FAC's Claims of fraudulent omission.

Plaintiffs concede that Count 8 of the FAC for negligent omission fails to state a claim. (See Opp. to Mot. at 28-30 & n.3 (Docket No. 37).) The court will therefore also dismiss the FAC's Claims for negligent omission.

As for the FAC's last Claim for quasi-contract or unjust enrichment, plaintiffs "request leave to amend to remove" Count 9 alleging such Claims. (Opp. to Mot. at 30.) Because the court concludes that the FAC plausibly alleges that contracts exist between each plaintiff and BlendJet, the court accepts plaintiffs' offer. See Crowley v. VisionMaker, LLC, 512 F. Supp. 2d 144, 154 (S.D.N.Y. 2007). Accordingly, the court will dismiss the FAC's Claims for quasi-contract.

IT IS THEREFORE ORDERED that BlendJet's motion to dismiss plaintiffs' Claims against it (Docket No. 28), be, and the same hereby is, GRANTED IN PART. Count 5 and Counts 7-9 are DISMISSED without prejudice as to both plaintiffs. Counts 1-3 and 6 are DISMISSED without prejudice as to plaintiff

Rittenhouse.  (Docket No. 25.)  Count 4 and Counts 6-9 are DISMISSED without prejudice as to plaintiff Gage.  (Id.) BlendJet's motion to dismiss is DENIED in all other respects. Plaintiffs have twenty days from the date of this Order to file an amended complaint if they can do so consistent with this Order.

Dated:  January 16, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE