1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12   GREGORY RITTENHOUSE, and LINDA       No. 2:23-cv-1906 WBS DB
     GAGE, individually and on
13   behalf of all others similarly
     situated,
14                                        ORDER RE: DEFENDANT RYAN
                   Plaintiffs,            PAMPLIN'S MOTION TO DISMISS
15
          v.
16
     BLENDJET INC., and RYAN
17   PAMPLIN,

18                 Defendants.

19

20                              ----oo0oo----

21

22        Plaintiffs Gregory Rittenhouse and Linda Gage

23   (collectively, "plaintiffs") brought this action against

24   defendants Ryan Pamplin ("Pamplin") and BlendJet, Inc.

25   ("BlendJet"), seeking legal and equitable relief for violations

26   of New York General Business Law sections 349-50, violations of

27   the Illinois Consumer Fraud and Deceptive Business Practices Act,

28   and fraudulent omission under California state law.  (See Second

                                    1

1   Amended Compl. ("SAC") ¶¶ 132-59 (Docket No. 60).)  Pamplin now

2   moves to dismiss all claims against him.  (Docket No. 62).)[1]

3          The relevant factual and procedural background was

4   summarized in the court's prior order granting BlendJet's motion

5   to dismiss an earlier version of the complaint in part.  (See

6   Docket No. 49 at 2-3.)  Pamplin is BlendJet's chief executive

7   officer ("CEO") and co-founder.  (SAC ¶¶ 1, 17.)  Plaintiffs

8   attribute the popularity of BlendJet's products "to defendant

9   Pamplin's personal brand and active marketing."  (Id. ¶¶ 3-4

10  (capitalization altered).)

11         The gravamen of plaintiffs' allegations against Pamplin

12  is that he "mastermind[s]" BlendJet's "sales and marketing

13  strategy."  (See id. ¶¶ 22, 41-52.)  In particular, plaintiffs

14  allege that Pamplin has violated the state law of New York,

15  Illinois, and California by failing to disclose "the dangers

16  presented by" BlendJet's allegedly defective products while

17  advertising them "at a virtual product expo" around March 2022.

18  (Id. ¶¶ 41-44 & nn.3-5.)  Plaintiffs allege that Pamplin never

19  mentioned "any defects or dangers" of BlendJet's products, which

20  are portable blenders ("the blenders").  (Id. ¶ 60.)  The

21  earliest consumer complaints about the blenders "date back to at

22  least August 2022."  (Id. ¶¶ 31-36 & nn.1-2.)

23         Pamplin moves to dismiss the claims against him under

24  Federal Rule of Civil Procedure 12(b)(6) on the ground that the

25  _____

26      [1]   Plaintiffs allege six claims against BlendJet and/or
    Pamplin.  (SAC ¶¶ 122-59.)  In addition to the four brought

27  against Pamplin, plaintiffs allege that BlendJet breached its
    contracts with them and any warranties of merchantability those

28  contracts implied.  (Id. ¶¶ 121-31, 136-47.)

                                    2

1   Second Amended Complaint does not comply with the particularity

2   requirement of Rule 9(b).  (See Docket No. 62-1 at 13-18 (citing

3   Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir.

4   2003)).)  As the court held with regard to the claims against

5   BlendJet, plaintiffs' allegations against Pamplin also lack

6   sufficient specificity under Rule 9(b) to impose direct liability

7   on the part of Pamplin for his acts on behalf of BlendJet.  (Id.

8   at 6-11.).

9          Among other things, even though "knowledge" may "be

10  alleged generally," Fed. R. Civ. P. 9(b), the complaint does not

11  plausibly allege that Pamplin even knew about the blenders'

12  alleged defects when he advertised them.  (See Docket No. 62-1 at

13  15-18.)  Plaintiffs only allege that the earliest consumer

14  complaints about BlendJet's products "date back to at least

15  August 2022," but they do not provide specific dates for when

16  Pamplin would have represented that BlendJet's products were safe

17  to use or even worth buying.  (See id. ¶¶ 31-45 & nn.1-5.)

18          In his reply, Pamplin correctly distinguishes FTC ex

19  rel. James v. Quincy Bioscience Holding Co., 389 F. Supp. 3d 211

20  (S.D.N.Y. 2019), which plaintiffs cited repeatedly in their

21  opposition and at oral argument.  (See Docket No. 67 at 11-12.)

22  There, two corporate executives moved to dismiss on the ground

23  that the government plaintiffs could not hold them personally

24  liable for acts they undertook on behalf of their company.

25  See Quincy Bioscience, 389 F. Supp. 3d at 219-21.  The court

26  there denied one executive's motion to dismiss because the

27  plaintiffs made allegations about his involvement which were more

28  specific than plaintiffs' allegations against Pamplin.  Id. at

3

1    220-21.  In fact, the court granted the other executive's motion

2    precisely because the operative complaint only contained generic

3    allegations about him.  Id.  The Second Amended Complaint

4    consists of very kind of "conclusory statement[s]" which the

5    Quincy court found unavailing.  See id. at 221.

6              The Second Amended Complaint includes references to a

7    particular "virtual product expo" where Pamplin advertised

8    BlendJet's products.  (See SAC ¶¶ 41-52.)  However, plaintiffs do

9    not satisfy Rule 9(b) here because they do not allege what in

10   particular Pamplin said at the expo about the blenders or even

11   whether he represented that they were safe to use.  (See Docket

12   No. 62-1 at 18.)  While some claims may be based on omissions as

13   well as affirmative statements, under Rule 9(b) such claims must

14   allege a "fiduciary relationship," "exclusive knowledge" of the

15   supposed defects, "active concealment," or "misleading partial

16   representations."  In re Apple Inc. Device Performance Litig.,

17   386 F. Supp. 3d 1155, 1179-80 (N.D. Cal. 2019); see also

18   Taleshpour v. Apple Inc., 549 F. Supp. 3d 1033, 1038-39 (N.D.

19   Cal. 2021), aff'd, No. 21-16282, 2022 WL 1577802, at *1-2 (9th

20   Cir. May 19, 2022) (stating that Rule 9(b)'s particularity

21   requirement "is lowered" for omission-based claims).  But the

22   complaint does not plausibly allege any of these circumstances,

23   and thus it does not properly allege an actionable omission.

24   See, e.g., In re Apple, 386 F. Supp. 3d at 1179-80; Taleshpour,

25   549 F. Supp. 3d at 1038-39.

26             In terms of Rule 9(b)'s "who, what, when, where, and

27   how" requirement, plaintiffs still falter in answering the

28   crucial question of "what, when," or "how" Pamplin defrauded or

1   even just misled plaintiffs.  <u>See</u> <u>Cassi v. Gen. Motors, LLC</u>, No.

2   2:23-cv-1801 WBS JDP, 2023 WL 7168348, at *2 (E.D. Cal. Oct. 31,

3   2023) (quoting <u>Vess</u>, 317 F.3d at 1106-07); <u>accord</u> <u>In re Origin</u>

4   <u>Materials, Inc. Sec. Litig.</u>, 766 F. Supp. 3d 998, 1006-07, 1014-

5   15 (E.D. Cal. 2025) (quoting <u>In re Rigel Pharms., Inc. Sec.</u>

6   <u>Litig.</u>, 697 F.3d 869, 876-77 (9th Cir. 2012)) (granting motion to

7   dismiss in part on Rule 9(b) grounds where operative complaint

8   omitted specific "statements or omissions").

9           Plaintiffs repeatedly assert that Pamplin controlled

10  BlendJet's marketing strategy.  Even if true, however, such

11  allegations do not suffice to personally hold him liable.  In <u>In</u>

12  <u>re Soc. Media Adolescent Addiction/Pers. Inj. Products Liab.</u>

13  <u>Litig.</u>, No. 22-md-3047, 2024 WL 4719068, at *2-5 (N.D. Cal. Nov.

14  7, 2024) (citing Fed. R. Civ. P. 9(b)), multiple individuals sued

15  a social media company's CEO and co-founder for "fraudulent

16  concealment" and "negligent concealment" of "the negative health

17  effects of platform usage on young users" under the laws of

18  several states, including New York.  <u>Id.</u> at *1-2.  The court

19  there dismissed the claims seeking to hold the CEO personally

20  liable because "control alone . . . is insufficient to establish

21  a corporate officer's participation" in the alleged tortious

22  conduct.  <u>Id.</u> at *3-5.

23          IT IS THEREFORE ORDERED that Pamplin's motion to

24  dismiss (Docket No. 62) be, and the same hereby is, GRANTED.

25  Counts 2, 3, 4, and 6 are DISMISSED without prejudice as to

26  defendant Ryan Pamplin.  (<u>Id.</u>)  Plaintiffs have twenty-one (21)

27  days from the date of this Order to file an amended complaint, if

28

1   they can do so consistent with this Order.[2]

2

3   Dated:   June 11, 2025

                                    WILLIAM B. SHUBB
4                                   UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21       [2]      The parties appear to agree that plaintiffs do not
22   have to pierce the corporate veil in order to hold Pamplin
     personally liable on plaintiffs' claims against him.  (See Docket
23   No. 66 at 6-9.).  (See Docket No. 62-1 at 13 (quoting Facebook,
     Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1069-70 (9th Cir.
24   2016)) ("A 'corporate officer or director is, in general,
     personally liable for all torts which he authorizes or directs or
25   in which he participates, notwithstanding that he acted as an
     agent of the corporation and not on his own behalf.'").)  Because
26   the court dismisses the claims against Pamplin under Rule 9(b),
     it does not reach the question of whether, or to what extent,
27   BlendJet's corporate veil may insulate Pamplin from personal
     liability.
28