UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GREGORY RITTENHOUSE and LINDA GAGE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLENDJET INC., RYAN PAMPLIN, MAVORCO HOLDINGS LLC, MAVORCO IP, LLC, and MAVORCO OPERATIONS, LLC,<br><br>Defendants. | No. 2:23-cv-1906 WBS DB<br><br>MEMORANDUM AND ORDER RE: DEFENDANT RYAN PAMPLIN'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT |

----oo0oo----

Plaintiffs Gregory Rittenhouse and Linda Gage brought this putative class action against defendants BlendJet Inc., Ryan Pamplin, Mavorco IP, LLC, and Mavorco Operations, LLC, alleging several violations of law in connection with purportedly defective blenders. (See Third Am. Compl. ("TAC") (Docket No. 77) ¶¶ 153-222.) Defendant Ryan Pamplin, chief executive officer

1

1  and co-founder of BlendJet, moves to dismiss the following
2  against him in his individual capacity: Count II alleging
3  violation of New York General Business Law § 349, Count III
4  alleging violation of New York General Business Law § 350, Count
5  IV alleging violation of the Illinois Consumer Fraud and
6  Deceptive Business Practices Act, and Count VI alleging
7  fraudulent omission.  (See Docket No. 80 at 3-4.)[1]
8  I.   Discussion
9         Generally, there are two avenues open to a plaintiff
10 seeking to hold a corporate officer personally liable: the
11 doctrine known as "piercing the corporate veil," and liability
12 based on the officer's tortious conduct.  See Harrison v.
13 Portfolio Grp. Mgmt., Inc., No. 2:18-cv-1104 MCE KJN, 2021 WL
14 2550991, at *3-5 (E.D. Cal. June 22, 2021) ("Courts may also find
15 a corporate officer or director personally liable for their own
16 tortious conduct and this liability does not depend on the same
17 grounds as piercing the corporate veil, but rather on the officer
18 or director's personal participation or specific authorization of
19 the tortious act." (citation modified)).  Plaintiffs do not
20 advance a veil-piercing theory; as in their Second Amended
21 Complaint, they allege Pamplin is personally liable for the
22 common law tort of fraud.  (See TAC ¶ 131.)
23         Plaintiffs are now on their third attempt to keep
24 Pamplin in this lawsuit.  This court partially dismissed the

---

[1] Pamplin also requests judicial notice of consumer reports cited in the Third Amended Complaint.  (See Docket No. 80-2 at 2-3.)  Because these reports would not change the outcome of this motion, the court need not consider them.  The request is therefore DENIED.

2

Second Amended Complaint because plaintiffs' fraud claims were insufficiently specific under Federal Rule of Civil Procedure 9(b).  (See Docket No. 72 at 3-5.)  Plaintiffs were given leave to amend and timely submitted a Third Amended Complaint.  (Docket No. 77.)  The Third Amended Complaint largely reiterates the allegations of the Second Amended Complaint, with the exceptions of three purportedly fraudulent media appearances by Pamplin.  (See TAC ¶¶ 61-65.)

### A. Pleading Fraud Under Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that fraud claims be pled with specificity.  See Fed. R. Civ. P. 9(b).  This standard applies equally to claims where fraud is not an essential element, if the underlying claim is grounded in fraud.  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125-27 (9th Cir. 2009).[2]  Plaintiffs allege Pamplin had personal knowledge of product defects which he wrongfully concealed from consumers.  (See TAC ¶¶ 132-44.)  These allegations are grounded in fraud and their circumstances must be specified.  See Marolda v. Symantec Corp., 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009) (under Rule 9(b), "some form of factual basis for plaintiff's beliefs must . . . be asserted.").

Omission-based fraud claims, such as those sought to be

---

[2] Rule 9(b) also applies to the state law claims here.  As the Ninth Circuit explained in Vess v. Ciba-Geigy Corp. USA, state law is relevant for establishing the elements of a fraud cause of action, but the Rule 9(b) standard still applies when pleading "the circumstances of the fraud," for which particularity is "a federally imposed rule."  317 F.3d 1097, 1103 (citing Hayduk v. Lanna, 775 F.2d 441, 442-43 (1st Cir. 1985) (emphasis in original)).

3

stated here, can succeed without the same specificity as those of typical fraud, but some particularity is still required. See Eisen v. Porsche Cars North America, Inc., 2021 WL 841019, at *2-3 (C.D. Cal 2012) (citing Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009)). A claim of omission-based fraud must also, as the court previously explained, allege a "fiduciary relationship," "exclusive knowledge" of the supposed defects, "active concealment," or "misleading partial representations." (See Docket No. 72 at 4.)

This court's analysis of a defective omission-based claim under Rule 9(b) in Shanmugam v. Mercedes-Benz USA, LLC. See No. 2:20-cv-1647 WBS KJN, 2021 WL 2227876, at *3 (E.D. Cal. June 2, 2022) is helpful in determining the sufficiency of plaintiff's claims here. There, the plaintiffs did not indicate how the defendant became aware of a defect, when the defendant became aware, what exactly they were aware of, whether they had exclusive knowledge of the defect, or how the defect was concealed. See id. As a result, this court dismissed the plaintiffs' fraudulent omission claim. See id. at *4; see also Loughlin v. Kaiser Found. Hosps., No. 2:21-cv-539 WBS AC, 2021 WL 5204147, at *4-5 (E.D. Cal. Nov. 9, 2021) (dismissing claim for fraudulent concealment because "plaintiff does not allege that defendants were aware the substances were injuring her and concealed that information" with requisite specificity (citation modified)).

The Third Amended Complaint here -- much like the Second Amended Complaint -- suffers from the defects identified in Shanmugam: the complaint still does not specify how Pamplin

4

became aware of a defect, when he was aware, what exactly he knew, whether his knowledge was exclusive, and how specifically he concealed his knowledge.  (See Docket No. 72 at 4-5 ("Plaintiffs still falter in answering the crucial question of 'what, when,' or 'how' Pamplin defrauded or even just misled plaintiffs." (citation modified)).)  The assertions of Pamplin's personal knowledge and fraudulent omission are still factually unsupported and remain conclusory.

Rule 9(b) provides that knowledge may be "alleged generally," but "such allegations still require sufficient factual support."  See Suit v. City of Folsom, No. 2:16-cv-807 WBS AC, 2016 WL 4192437, at *3-4 (E.D. Cal. Aug. 8, 2016).  The Third Amended Complaint asserts Pamplin knew of the defect as of August 8, 2022, because of reports to the Consumer Product Safety Commission ("CPSC").  (See TAC ¶¶ 6-7, 40-44, 60, 65, 216.)  But the mere existence of a report does not imply personal knowledge.  See Oestreicher v. Alienware Corp., 544 F. Supp. 2d 964, 974-75 & n.9 (N.D. Cal. 2008) ("Random anecdotal examples of disgruntled customers posting their views on websites is not enough to impute knowledge." (citation modified)), aff'd, 322 F. App'x 489, 493 (2009).

Plaintiffs' addition of a date goes to the "when" of fraud, but the "how" and "what" remain unaddressed.  Pamplin's supposed awareness is grounded on the assumption that he "would obviously get these complaints as the head of marketing and customer relationship practices," but again no facts support this conclusion.  (See Docket No. 84 at 8.)

During oral argument, plaintiffs referred to paragraph

1 seventy-four (74) of their complaint, which states, "[d]efendant
2 BlendJet, Inc. admitted to a policy and practice of deleting
3 negative reviews from their website." (TAC ¶¶ 74.) But it is
4 still not alleged that Pamplin himself was involved with or even
5 aware of this policy; plaintiffs allege his participation "upon
6 information and belief" without elaborating. (Id.) This is
7 precisely the sort of conjecture the heightened pleading standard
8 of Rule 9(b) is designed to preclude. See United States v.
9 Aerojet Rocketdyne Holdings, Inc., 381 F. Supp. 3d 1240, 1246 &
10 n.3 (E.D. Cal. 2019); see also Goldberg v. Meridor, 81 F.R.D.
11 105, 110-11 (S.D.N.Y. 1979) (under Rule 9(b), "allegations based
12 on information and belief require the source of the information
13 and the reasons upon which the belief is founded." (citation
14 modified)).

15     The Third Amended Complaint tries to right the ship by
16 adding that "Pamplin was personally aware of the CPSC complaints,
17 as he had personal responsibility under the Consumer Product
18 Safety Act ("CPSA") to report dangers to the CPSC or be liable."
19 (TAC ¶ 41 (citation modified).) But this is circular; plaintiffs
20 confuse a statutory duty with the factual predicate for that
21 duty. The CPSA's reporting obligation applies when an entity
22 "obtains information which reasonably supports the conclusion"
23 that a product is defective. See 15 U.S.C. § 2064(b); see also
24 U.S. v. Mirama Enterprises, Inc., 185 F. Supp. 2d 1148, 1158
25 (S.D. Cal 2002) ("Companies should report as soon as they have
26 information which 'reasonably supports' the conclusion that the
27 product contains a reportable defect . . ."). Acquisition of
28 information triggers the duty to report, not the other way

1  around.  Once again, it is nowhere alleged when and how Pamplin
2  acquired such information.
3         Owing to the persistent lack of specificity, plaintiffs
4  have again failed to plead fraud as required by Rule 9(b).
5    B.   New Allegations of Additional Representations
6         The Third Amended Complaint includes new allegedly
7  misleading partial representations.  (See TAC ¶¶ 61-64.)  The
8  first is a press release in which Pamplin celebrates a
9  partnership with Venus Williams while promoting his product as
10 "the perfect way to ace your nutrition goals and unleash your
11 inner champion."  (Id. ¶ 61.)  The second is a YouTube video in
12 which Pamplin advertises the product's "really nice design,
13 really nice quality" and praises "the incredible engineering
14 talent" behind it.  (Id. ¶ 63.)  The third is yet another
15 promotional video in which Pamplin "touts BlendJet and its
16 relationship with Shopify."  (Id. ¶ 64 (citation modified).)
17        These statements do not provide a basis for fraud
18 claims.  See Fed. R. Civ. P. 12(b)(6).  "Generalized, vague and
19 unspecific assertions, constituting mere puffery upon which a
20 reasonable consumer could not rely" are not actionable as fraud.
21 Glen Holly Ent., Inc. v. Tektronix Inc., 352 F.3d 367, 379-80
22 (9th Cir. 2003) (citation modified).  Pamplin's promotional
23 statements constitute puffery, as they relate broadly to product
24 quality and commercial partnerships.  This sort of generic brand
25 endorsement does not reasonably induce consumer reliance and is
26 outside the purview of fraud.  See id.
27        Plaintiffs fail to satisfy the particularity
28 requirements of Rule 9(b), and their new allegations fail to

7

support a fraud claim.  Accordingly, Pamplin's motion to dismiss will be granted.

II.  <u>Leave to Amend</u>

Leave to amend should be granted "freely when justice so requires."  <u>See</u> Fed. R. Civ. P. 15(a)(2) (citation modified). Leave should only be denied if amendment (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) would create undue delay, or (4) is futile.  <u>Chudacoff v. Univ. Med. Ctr. of S. Nev.</u>, 649 F.3d 1143, 1152 (9th Cir. 2011).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

Plaintiffs have now taken their third bite at the apple.  The Third Amended Complaint builds on the Second with allegations of Pamplin's responsibility under the CPSC and his purported fraudulent omission in his promotional advertising. Both are unproductive.

These new allegations follow an admonition that the Second Amended Complaint lacked particularity.  (<u>See</u> Docket No. 72 at 3-5.)  Plaintiffs were given an opportunity to cure that problem, and they have not.  If plaintiffs had factual confirmation of their allegations, they should have included it in their amendment.  Failing that, it appears no allegation of other facts can cure the deficiency.

IT IS THEREFORE ORDERED that Pamplin's motion to dismiss (Docket No. 80) be, and the same hereby is, GRANTED. Counts II, III, IV, and VI are DISMISSED with prejudice as to

1 | defendant Ryan Pamplin.
2 | Dated:   September 4, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE