**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY RITTENHOUSE and LINDA GAGE, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>    vs.<br><br>BLENDJET, INC., and RYAN PAMPLIN.<br><br>                   Defendants. | Case No. 2:23-cv-01906-WBS-SCR<br><br>**[Proposed] Order granting Plaintiffs' Motion to Direct the Clerk to Enter Default against BlendJet, Inc.** |

# [~~Proposed~~] Order[1]

Before the Court is the motion of Plaintiffs Gregory Rittenhouse and Linda Gage to enter default against BlendJet, Inc. ("BlendJet"). The Court, being fully advised in the matters herein and having read and considered the Motion, hereby **GRANTS** Plaintiffs' Motion. **IT IS THEREFORE ORDERED** that that the Clerk of the Court enter default against BlendJet pursuant to Federal Rule of Civil Procedure 55(a).

Should Plaintiffs file a motion for default judgment, Plaintiffs are advised to brief the applicability of the "*Frow* doctrine" in light of the order dismissing the claims against Defendant Ryan Pamplin (ECF No. 87). "The leading case on the subject of default judgments in actions involving multiple defendants is *Frow v. De La Vega*, 82 U.S. 552 (1872)." *In re First T.D. & Inv., Inc.* 253 F.3d 520, 532 (9th Cir. 2001). Under *Frow*, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *Id.* at 532. "It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Id.*; *see also Garamendi v. Henin*, 683 F.3d 1069, 1082 (9th Cir. 2012) (expanding *Frow* doctrine to apply to co-defendants who "are 'similarly situated,' such that the case against each rests on the same legal theory") (citing *In re First T.D. & Inv., Inc.*); *Moore v. Booth*, 122 F.4th 61, 67 (2nd Cir. 2024) ("We, along with the majority of federal appellate courts, have held that the *Frow* principle is not limited to cases of joint liability but more generally prohibits a default judgment that is inconsistent with a judgment on the merits.") (internal citation and quotation omitted).

////

////

---

[1] The Court largely adopts Plaintiffs' Proposed Order as filed, but has made certain changes.

**IT IS SO ORDERED**.

Dated: April 24, 2026

_____

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE